United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELE JONES,

    Plaintiff,

  v.

CBSJ FINANCIAL CORPORATION,

    Defendant.

                                                              /

No. C 10-00226 WHA

**FINAL PRETRIAL ORDER**

    **FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

    1.    This case shall go to a **JURY TRIAL** on **JANUARY 10, 2011**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

    2.    Rulings on the motions *in limine*, as stated at the pretrial conference, are as follows:

    Plaintiff's motion *in limine* 1 is **GRANTED**.

    Plaintiff's motion *in limine* 2 is **GRANTED ONLY TO THE FOLLOWING EXTENT**: Defendant shall not question plaintiff regarding her debts or discuss such potential testimony in opening

statements unless plaintiff or plaintiff's counsel open the door to it by presenting a dispute over the number of times she was called by defendant.

Plaintiff's motion *in limine* 3 is **GRANTED ONLY TO THE FOLLOWING EXTENT**: Defendant shall not question plaintiff regarding other claims made by her or discuss such potential testimony in opening statements unless plaintiff or plaintiff's counsel open the door to it by presenting a dispute over the number of times she was called by defendant.

Defendant's motion *in limine* 1 is **GRANTED**.

Defendant's motion *in limine* 2 in **GRANTED ONLY TO THE FOLLOWING EXTENT**: If defendant presents a defense that it had bona fide reasons for calling plaintiff the number of times that it did, plaintiff may put into evidence instances of a verdict or summary judgment in favor of a claim made against defendant for violation of any laws having to do with the number and/or frequency of harassing phone calls made by defendant. Plaintiff shall not present such evidence in opening statements, and shall proffer such evidence to the undersigned before its introduction in front of the jury.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

5. A jury of **EIGHT PERSONS** shall be used.

6. Each side shall have **TWO AND ONE HALF HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit. If, despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted.

2

7. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

**IT IS SO ORDERED.**

Dated: December 14, 2010.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE