IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELE JONES,

    Plaintiff,                                        No. C 10-00226 WHA

  v.

CBSJ FINANCIAL CORPORATION,

    Defendant.
                                              /

**PROPOSED CHARGE TO THE JURY**

1.

It is your duty to decide this case and to find the facts from all the evidence presented in the case. To those facts you must apply the law as I now give it to you. Copies of these instructions will be available in the jury room for you to consult as necessary. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits which have been received into evidence;

3. The sworn testimony of witnesses in depositions read into evidence;

4. The interrogatory questions and answers that were read into evidence; and

5. The stipulations that were read into evidence.

3.

Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments, statements and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2

2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

3. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. Demonstrative charts and diagrams were shown to you but are not evidence (unless admitted into evidence).

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in light of reason, experience and common sense. You should consider both kinds of evidence. It is for you to decide how much weight to give to any evidence.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

3

    4.  The witness's interest in the outcome of the case and any bias or prejudice;

    5.  Whether other evidence contradicted the witness's testimony;

    6.  The reasonableness of the witness's testimony in light of all the evidence; and

    7.  Any other factors that bear on believability.

6.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called the witnesses or produced evidence.

7.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or to do something, that is inconsistent with the witness's present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness's testimony or between a witness's testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

9.

In these instructions, I will often refer to the burden of proof. The burden of proof in this case is known as a burden of proof by a preponderance of the evidence. When a party has the burden of proof on any issue by a preponderance of the evidence, it means you must be persuaded by the evidence that the issue is more probably true than not true. To put it differently, if you were to put the evidence favoring Party No. 1 and the evidence favoring Party No. 2 on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

10.

On any claim, if you find that plaintiff carried its burden of proof as to each element of a particular claim, your verdict should be for plaintiff on that claim. If you find that plaintiff did not carry its burden of proof as to each element, you must find against plaintiff on that claim.

11.

This case arises out of calls that defendant made to plaintiff seeking payment for an alleged debt. Plaintiff brings claims under two laws: a federal law, called the Fair Debt Collection Practices Act, and a state law, called the California Rosenthal Fair Debt Collection Practices Act.

Plaintiff is allowed to bring separate claims under each of the federal Act and the state Act. I will discuss them one at a time. Although my instructions may seem similar for both, listen carefully because there are slight differences and they are separate claims.

12.

Under the federal Act, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. To prove a violation of the Act, plaintiff must prove that defendant engaged in any conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt.

13.

Defendant will have violated the federal Act if it engaged in conduct as just described, but one example of such conduct is if defendant caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

14.

Defendant asserts a defense that would preclude liability under the federal Act. Defendant shall not be liable under the federal Act if it shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15.

Now, I will instruct you on the subject of damages under the federal Act, which you will have to decide if you find plaintiff has proven liability under the Act. By instructing you on damages, as I will now do, I do not mean to suggest how you should decide on liability.

If you decide that plaintiff has proved its claim against defendant for violation of the federal Act, you may award plaintiff statutory damages up to $1,000. In determining the amount of damages, you should consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

16.

Now, I will instruct you about the state Act, that is, the California Rosenthal Fair Debt Collection Practices Act. Under the state Act, no debt collector shall collect or attempt to collect a consumer debt by means of causing a telephone to ring repeatedly or continuously to annoy the person called. To prove a violation of the state Act, plaintiff must prove that defendant collected or attempted to collect a consumer debt by means of causing a telephone to ring repeatedly or continuously to annoy the person called.

17.

Also under state Act, no debt collector shall collect or attempt to collect a consumer debt by means of communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances. To prove this violation, plaintiff must prove that defendant collected or attempted to collect a consumer debt by means of communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances of this case.

18.

If you find that defendant violated the federal Act, you must also find that it violated the state Act.

19.

Defendant also asserts a defense that would preclude liability under the state Act. Defendant shall not be liable if it shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.

20.

Now, I will instruct you on the subject of damages under the state Act, which you will have to decide if you find plaintiff has proven liability under the Act. By instructing you on damages, as I will now do, I do not mean to suggest how you should decide on liability.

If you decide that plaintiff has proved its claim against defendant for violation of the state Act, and you find that defendant willfully and knowingly violated the state Act with respect to plaintiff, defendant shall be liable to plaintiff in the amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

21.

Therefore, if you find that defendant has violated both the federal and state Acts, according to my instructions, you may award plaintiff no more than $2,000 total, and may award her a lesser amount according to my instructions. In other words, if you award damages you can

award up to $1,000 under the federal Act and up to $1,000 under the state Act; you should then add together the damages under the federal and state Acts to reach a total amount of damages.

22.

To recap, the difference between the federal and state Acts is that under the federal Act, to find liability any violation need not be willful and knowing, and if you find a violation of the federal Act you may but are not required to award damages up to $1,000. Under the state Act any violation must be willful and knowing (otherwise plaintiff is not entitled to any damages), and if you find a violation of the state Act you must award between $100 and $1,000.

23.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. I recommend that you select a foreperson who will be good at leading a fair and balanced discussion of the evidence and the issues.

24.

In your deliberations it is usually a mistake to take a straw vote early on. This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging their heels. Rather, it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote. In this way, all the viewpoints will be on the table before anyone expresses a vote. These are merely recommendations, however, and it is up to you to decide on how you wish to deliberate.

25.

Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

26.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having

made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

27.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

28.

When you retire to the jury room to deliberate, the Clerk will bring you the following:

1. All of the exhibits received into evidence;
2. An index of the exhibits;
3. A work copy of these jury instructions for each of you;
4. A work copy of the verdict form for each of you; and
5. An official verdict form.

You do not have to discuss the questions in the strict sequence indicated in the special verdict form, but you must, by the end, answer them unanimously as indicated in the form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels containing your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

29.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or

1  otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not
2  disclose any vote count in any note to the Court.

30.

4  You have been required to be here each day from 7:45 a.m. to 1:00 p.m.  Now that you
5  are going to begin your deliberations, however, you are free to modify this schedule within
6  reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable
7  lunch break, that is fine.  The Court does, however, recommend that you continue to start your
8  deliberations by 8:00 a.m.

9  It is very important that you let the Clerk know in advance what hours you will be
10  deliberating so that the lawyers may be present in the courthouse at all times the jury is
11  deliberating.

31.

13  You may only deliberate when all of you are together.  This means, for instance, that in
14  the mornings before everyone has arrived, or when someone steps out of the jury room to go to
15  the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to
16  anyone outside the jury room about this case still applies during your deliberation.

32.

18  After you have reached a unanimous agreement on a verdict, your foreperson will fill
19  in, date and sign the verdict form and advise the Court through the marshal that you have reached
20  a verdict.  The foreperson should hold on to the filled-in verdict form and bring it into the
21  courtroom when the jury returns the verdict.  Thank you for your careful attention.  The case is
22  now in your hands.  You may now retire to the jury room and begin your deliberations.

Dated: January ___, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE